UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TIFFANY GRASKE, on behalf
of herself and on behalf of all others
similarly situated,**

    **Plaintiff,**

v.                                                                   Case No.: 8:15-cv-01432

**MOLLY GOODHEAD'S, INC.,**

    **Defendants.**
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AGREEMENT AND DISMISSAL WITH PREJUDICE**

Named Plaintiff, Tiffany Graske, and Opt-In Plaintiff Johanna Gray ("Plaintiffs"), and Defendant, Molly Goodhead's Inc., (all Parties collectively "the Parties"), pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), respectfully ask that the Court approve the attached Fair Labor Standards Act ("FLSA") Settlement Agreements and dismiss this case with prejudice. The Agreements should be approved because they represent fair resolutions of two *bona fide* disputes, as required by *Lynn's*.

**PROCEDURAL BACKGROUND**

1. Named Plaintiff Tiffany Graske filed her Complaint against Defendant on June 17 (*see* Doc. no. 1), alleging that Defendant failed to pay her overtime and minimum wage compensation in violation of the FLSA. Opt-In Plaintiff Johanna Gray filed her consent-to-join form on July 23, 2015. (Doc. 9). Defendant denied – and still denies – Plaintiffs' allegations.

2. Prior to Gray joining the lawsuit, on July 9, 2015 the Court entered an FLSA Scheduling Order requiring the parties to exchange substantive information on the claims and

1

defenses at issue in this lawsuit, including in the form of sworn responses to the Court's FLSA interrogatories (by Plaintiffs) and in the form of verified summaries of hours worked (by Defendant).

3. After exchanging the documents and information required by the Court's FLSA Scheduling Order, counsel for the parties reached agreements for both Plaintiffs.

4. Graske originally sought $1,725.00 in damages for her FLSA claims, plus an equal amount in liquidated damages, and attorneys' fees. (Doc. 14, p. 2). Gray originally sought $2,520.00 in damages for her FLSA claims, plus an equal amount in liquidated damages, and attorneys' fees. (Doc. 14, p. 2). After the exchange of information required by the Court's FLSA Scheduling Order proceeded, Defendant challenged the number of compensable overtime hours worked by Graske and Gray. Defendant also disputed whether it had, in fact, complied with the FLSA's requirements for tip-pooling and the applicable service credit for Graske's minimum wage claim.

5. The Parties disagreed over the following issues, each of which is relevant as to the FLSA claims brought by Plaintiffs and were contemplated when the Parties reached a resolution:

- Whether Plaintiffs individually worked in excess of 40 hours in any particular week and, if so, whether Plaintiffs received overtime payment for that (or those) week(s);

- Whether Defendant correctly utilized the FLSA's tip-pool and its applicable service credit;

- Whether Plaintiffs could establish facts at trial showing that Defendant's alleged failure to pay overtime, if any, was done knowingly, willfully or recklessly;

- The accuracy of Defendant's records as to hours worked.

6. Based upon the Agreements reached between the Parties, the total settlement amounts to be paid to Plaintiff are as follows:

| Claims | Total Recovered | FLSA Back wages | FLSA Liquidated damages | Amount originally claimed |
|---|---|---|---|---|
| Tiffany Graske | $2,000 | $1,000 | $1,000 | $1,725 + liq |
| Johanna Gray | $3,500 | $1,750 | $1,750 | $2,520 + liq |

7. The Parties have also agreed that pending entry of an Order by the Court approving the Parties' Settlement Agreement, Defendant will pay Plaintiffs' counsel a total of $2,500.00 in attorneys' fees and costs. This represents the gross amount of fees and costs recovered by Plaintiffs' counsel for the FLSA claims of both Plaintiffs. Importantly, attorney's fees and costs were negotiated and settled independently of the agreed-upon settlement amounts for Plaintiff.

**WHEREFORE**, the Parties respectfully move this Court to enter an Order approving the attached Settlement Agreements, and dismissing this case with prejudice.

## MEMORANDUM OF LAW

I. **The Court Should Approve the Settlement Agreements.**

   A. **Standard of review.**

Pursuant to the case law of this Circuit, judicial review and approval of a tentative FLSA settlement is necessary to give it final and binding effect. *Lynn's*, 679 F.2d at 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's*:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them….The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 352- 53.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.' " *Id*. at 1354. In determining whether the settlement is fair and reasonable the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc*., No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2- 3, (M.D. Fla. Jan. 8, 2007). A trial court must always be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at * 2-3.

**B.   All of the Relevant Criteria Support Final Approval of the Agreements.**

**1.   This settlement was the result of an arm-length's transaction, not fraud or collusion.**

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp*., No.

4

6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each Party was independently represented by counsel with experience in litigating claims under the FLSA. Each counsel was obligated to, and did, vigorously represent their clients' rights. Based on the amounts to be paid to Plaintiffs, it is clear that there was no fraud or collusion.

> 2. **The remaining factors identified in *Leverso* weight in favor of approving the Parties' Settlement Agreements.**

The probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement. The Parties exchanged information and documents related to Plaintiffs' wages and hours worked before reaching an agreement. Hence, the Agreement was reached when the Parties were fully able to make a reasonable and educated evaluation of the strengths and weaknesses of their respective positions as reflected by the actual evidence. If the Parties continued to litigate this matter, they would be forced to engage in costly litigation with an outcome that remained uncertain for both parties.

There were a number of key issues that were disputed from the inception of this case. First, there was the issue of whether the Plaintiffs actually worked overtime. If Plaintiff failed to show that they worked the hours claimed, it is unlikely that Defendant would owe them overtime compensation. Also, Defendant contends its use of the tip-pooling credit that reduced the minimum wage owed to Plaintiffs was both valid and FLSA compliant. Lastly, Plaintiff also understood that Defendant would offer evidence at trial of hours worked which was different from their own calculations as to hours worked.

> **3.     The Court should also approve the fees and costs provisions of the Agreements, which were negotiated and settled independent and in *seriatim* of the Plaintiffs' claims.**

This Court should also approve the attorneys' fees and costs provision of the Settlement Agreements because the parties complied with this Court's ruling in *Bonetti v. Embarq. Mgmt. Co.*, 2009 WL 2371407 (M.D.Fla. Aug., 2009) when determining fees and costs. In *Bonetti* the Court held that if the Plaintiff's recovery and attorney's fees were settled independently of the Plaintiff's claims, there would be no need to file the attorney's billing records unless the fees were out of line compared with the settlement agreement. Thus, the award of attorney's fees and costs would no longer require approval using the lodestar approach. In this case, Plaintiffs' fees and costs in the amount of $2,500 were negotiated and settled independently of Plaintiff's FLSA claims. Therefore, based upon the record before the Court, the parties also ask that the Court approve the attorneys' fees and costs provision of the attached Settlement Agreement.

## Conclusion

Based upon the foregoing reasons, this Court should grant this Joint Motion, approve the Parties' Settlement Agreement, and dismiss this case with prejudice.

DATED this 13th day of October, 2015.

Respectfully submitted,

| | |
|---|---|
| */s/ Brandon J. Hill* | */s/ Eduardo Alberto Suarez-Solar* |
| Brandon J. Hill, Esq. | Eduardo A. Suarez-Solar |
| Florida Bar Number: 37061 | Gunster, Yoakley & Stewart, PA |
| WENZEL FENTON CABASSA, P.A. | Suite 2500 |
| 1110 North Florida Avenue, Suite 300 | 401 E Jackson St |
| Tampa, Florida 33602 | Tampa, FL 33602 |
| Telephone: 813-224-0431 | 813/222-6653 |
| Facsimile: 813-229-8712 | Fax: 813/228-6739 |
| E-mail: bhill@wfclaw.com | Email: esuarez-solar@gunster.com |
| Attorneys for Plaintiff | Attorneys for Defendant |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 13th day of October, 2015, a true and correct copy of the foregoing was presented to the Clerk to the Court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to Counsel of record.

Eduardo A. Suarez-Solar
Gunster, Yoakley & Stewart, PA
Suite 2500
401 E Jackson St
Tampa, FL 33602

*/s/ Brandon J. Hill*
Brandon J. Hill, Esq.

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIFFANY GRASKE, on behalf of herself
And on behalf of all others
similarly situated,

    Plaintiff,

Case No: 8:15-cv-01432

v.

MOLLY'S INC.,

    Defendant.

_____/

## SETTLEMENT AGREEMENT, WAIVER AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT, WAIVER AND RELEASE OF CLAIMS (hereinafter "this Agreement") is made and entered into, by and between Molly Goodhead's, Inc. (hereinafter "Molly's" or "Defendant"), (including any and all of the company's current and former officers, directors, executives, investors, employees; affiliates, subsidiaries, partnerships, joint ventures, successors and assigns) and Tiffany Graske and Johanna Gray ("Plaintiffs").

When used hereafter the phrase the "Released Parties" includes all of the following: Molly Goodhead's, its owner, current or former directors, officers, executives, investors, employees, legal representatives and agents both in their official capacity and personally, its subsidiaries, affiliates (defined as any company which is owned by the parent company), predecessors, successors and assigns, their attorneys, heirs, executors, administrators, spouse, successors and assigns.

WHEREAS, Plaintiff and Defendant desire to finally settle all existing claims and disputes between Plaintiff and the Released Parties arising out of the above-captioned lawsuit filed against the Defendant. The parties agree as follows:

1.   **Obligations of Defendant**. In consideration of Plaintiff's agreement to the terms set forth herein:

    (a)   Defendant shall pay Plaintiff(s), eight thousand dollars ($8,000.00), to settle all claims against them including all unpaid wages, liquidated damages, costs and attorney fees.

    (b)   Breakdown of the Settlement is as follows:

Plaintiff Initials: _____    Defendants Initials: _____

(i) Plaintiff Graske shall receive one thousand dollars ($1,000.00) for the full amount of his unpaid overtime less applicable taxes, which represents wages for which a W-2 will be issued.

(ii) Plaintiff Graske shall receive one thousand dollars ($1,000.00) for liquidated damages for which a 1099 tax form shall be issued.

(iii) Plaintiff Gray shall receive one thousand, seven hundred and fifty dollars ($1,750.00) for the full amount of his unpaid overtime less applicable taxes, which represents wages for which a W-2 will be issued.

(iv) Plaintiff Gray shall receive one thousand, seven hundred and fifty dollars ($1,750.00) for liquidated damages for which a 1099 tax form shall be issued.

(v) Plaintiff's counsel Wenzel Fenton Cabassa, PA shall receive two thousand, five hundred dollars ($2,500.00) for attorney cost and fees. The payment to the Wenzel Fenton Cabassa PA will be made within ten (10) days after court approval of this Agreement and a 1099 tax form will be issued for such amount.

Plaintiffs acknowledge that at the time of the filing of this lawsuit that they, did not have their payroll records so as to accurately calculate the overtime they believed to be owed to them. After the filing of this lawsuit, once the parties exchange documents, Plaintiffs were able to calculate the total-amount due and owing them, and agrees that they are being fully compensated by virtue of being paid the amounts set forth above.

Plaintiffs further acknowledges that their counsel has negotiated his attorney fees ($2,000) and costs ($500) separately and Independently of theirs damages claim.

All such monies as described in 1a. through b. shall be paid to Plaintiffs within ten (10) days after court approval of this Agreement. This will resolve any and all claims, including attorneys' fees and costs, associated with Tiffany Graske v Molly Goodhead's, Case No. 8:15-cv-01432 filed in the United States District Court, Middle District of Florida, Tampa Division.

The payments Set forth in paragraph 1 are paid in full and final settlement of all of Plaintiff's claims, asserted against the Released Parties in the above lawsuit through the date of the: execution of this Agreement as more specifically Stated hereafter in paragraph 2, Plaintiffs acknowledge that this is valid consideration for their agreement to the provisions herein.

2. **Obligations of Plaintiff**. In consideration of Defendant agreement to the, terms herein Plaintiffs hereby waives, releases, and forever discharges the Released Parties from all claims asserted in the above-referenced, lawsuit.

3. **Non-Admission**. Neither this Agreement, nor anything contained herein, is to be construed as an admission by Defendant that Plaintiffs were entitled to any monies or an admission that Defendant engaged in any wrongdoing or unlawful conduct whatsoever. Defendants expressly deny that they engaged in any wrongdoing or unlawful conduct whatsoever.

Plaintiff Initials: _____ Defendants Initials: _____

4. **Severability**. In the event that any provision of this Agreement is invalidated by a court of competent jurisdiction, all of the remaining provisions of this Agreement shall continue unabated and in full force and effect.

5. **Entire Agreement**. This Agreement contains the entire understanding and agreement between the parties and shall not be modified or superseded except upon express written consent of the parties to this Agreement. Plaintiffs agree that apart from the payments being made pursuant to this Agreement, they are not entitled to any other payments or other consideration from Defendant.

6. **Governing Law**. This Agreement shall be governed by the laws of the State of Florida. The parties hereto acknowledge that this Agreement is enforceable in the state or federal courts of Florida. Plaintiffs and Defendant hereby waive any pleas of jurisdiction or venue as not being residents of Pinellas, Florida, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in Pinellas County, Florida.

7. **Attorneys' Fees**. It is further agreed that each party shall bear their own costs and attorneys' fees, other than what is expressly set forth herein, incurred in the above-entitled suit and in handling the matters covered by this Agreement. If either party engages the services of an attorney in the enforcement of the terms herein, the non-prevailing party shall pay the reasonable attorneys' fees and costs of the prevailing party.

8. **Agreement Not to be Used as Evidence**. This Agreement shall not be admissible as evidence in any proceeding except where one of the parties to this Agreement seeks court approval of this Agreement, seeks to enforce this Agreement or alleges this Agreement has been breached, or where one of the parties is ordered to produce this Agreement by a court or administrative agency of competent jurisdiction. Plaintiff further agrees that, in the event a court or administrative agency orders this Agreement to be produced, Plaintiffs will provide immediate written notice to Eduardo A. Suarez-Solar, Gunster Law Firm, 401 E. Jackson St. Suite 2500, Tampa, FL 33602 and via email to esuarez@gunster.com so Defendants' attorneys can seek a protective order from that court or agency requiring that this Agreement be produced or filed only under seal and that other parties to any such proceedings shall not disclose the existence or terms of this Agreement for purposes not related to the proceeding in which this Agreement was ordered to be produced.

9. **Opportunity to Consider and Confer**. By signing this Agreement, Plaintiffs acknowledge that they have had the opportunity to study, consider, and deliberate upon this Agreement and have had the opportunity to consult with their attorney.

10. **Free and Voluntary**. This Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding manner.

11. **Construction**. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity the Agreement shall not be construed against any party.

Plaintiff Initials: _____ Defendants Initials: _____

12. **Counterparts and Duplicate Originals.** This Agreement may be executed in one or more counterparts, anyone of which need not contain the signature of more than one party, and all of which taken together will for all purposes constitute one and the same agreement, binding on all of the parties, notwithstanding that all of such parties have not executed the same counterpart. Two or more duplicate originals of this Agreement may be signed by the parties, each of which shall be an original but all of which together shall constitute one and the same agreement.

IN WITNESS WHEREOF, and intending to be legally bound hereby, Plaintiff and the duly authorized representative of Defendant execute this Settlement Agreement, Waiver and Release consisting of two (2) pages and including twelve (12) enumerated paragraphs, by signing below voluntarily and with full knowledge of the significance of all of its provisions.

PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT INCLUDES A WAIVER AND RELEASE OF ALL CLAIMS ASSOCIATED WITH TIFFANY GRASKE, ON BEHALF OF HERSELF AND ON BEHALF OF ALL SIMILARLY SITUATED, V. MOLLY GOODHEAD'S, INC, CASE NO.8:15-cv-01432.

_____
Tiffany Graske

__/__/__
Date

_/s/ Johanna Gray_
Johanna Gray

9/25/15
Date

_/s/ Betsy Donovan_
Betsy Donovan
On behalf of Molly Goodhead's, Inc.

10/12/15
Date

Plaintiff Initials: ____   Defendants Initials: ____

WPB_ACTIVE 6762217.2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIFFANY GRASKE, on behalf of herself
And on behalf of all others
similarly situated,

    Plaintiff,

Case No: 8:15-cv-01432

v.

MOLLY'S INC.,

    Defendant.
_____/

## SETTLEMENT AGREEMENT, WAIVER AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT, WAIVER AND RELEASE OF CLAIMS (hereinafter "this Agreement") is made and entered into, by and between Molly Goodhead's, Inc. (hereinafter "Molly's" or "Defendant"), (including any and all of the company's current and former officers, directors, executives, investors, employees; affiliates, subsidiaries, partnerships, joint ventures, successors and assigns) and Tiffany Graske and Johanna Gray ("Plaintiffs").

When used hereafter the phrase the "Released Parties" includes all of the following: Molly Goodhead's, its owner, current or former directors, officers, executives, investors, employees, legal representatives and agents both in their official capacity and personally, its subsidiaries, affiliates (defined as any company which is owned by the parent company), predecessors, successors and assigns, their attorneys, heirs, executors, administrators, spouse, successors and assigns.

WHEREAS, Plaintiff and Defendant desire to finally settle all existing claims and disputes between Plaintiff and the Released Parties arising out of the above-captioned lawsuit filed against the Defendant. The parties agree as follows:

1. **Obligations of Defendant.** In consideration of Plaintiff's agreement to the terms set forth herein:

(a)   Defendant shall pay Plaintiff(s), eight thousand dollars ($8,000.00), to settle all claims against them including all unpaid wages, liquidated damages, costs and attorney fees.

(b)   Breakdown of the Settlement is as follows:

Plaintiff Initials ____ Defendants Initials ____

WPB_ACTIVE 6767217.2

(i) Plaintiff Graske shall receive one thousand dollars ($1,000.00) for the full amount of his unpaid overtime less applicable taxes, which represents wages for which a W-2 will be issued.

(ii) Plaintiff Graske shall receive one thousand dollars ($1,000.00) for liquidated damages for which a 1099 tax form shall be issued.

(iii) Plaintiff Gray shall receive one thousand, seven hundred and fifty dollars ($1,750.00) for the full amount of his unpaid overtime less applicable taxes, which represents wages for which a W-2 will be issued.

(iv) Plaintiff Gray shall receive one thousand, seven hundred and fifty dollars ($1,750.00) for liquidated damages for which a 1099 tax form shall be issued.

(v) Plaintiff's counsel Wenzel Fenton Cabassa, PA shall receive two thousand, five hundred dollars ($2,500.00) for attorney cost and fees. The payment to the, Wenzel Fenton Cabassa PA will be made within ten (10) days after court approval of this Agreement and a 1099 tax form will be issued for such amount.

Plaintiffs acknowledge that at the time of the filing of this lawsuit that they, did not have their payroll records so as to accurately calculate the overtime they believed to be owed to them. After the filing of this lawsuit, once the parties exchange documents, Plaintiffs were able to calculate the total-amount due and owing them, and agrees that they are being fully compensated by virtue of being paid the-amounts set forth above.

Plaintiffs further acknowledges that their counsel has negotiated his attorney fees ($2,000) and costs ($500) separately and Independently of theirs damages claim.

All such monies as described in 1a. through b. shall be paid to Plaintiffs within ten (10) days after court approval of this Agreement. This will resolve any and all claims, including attorneys' fees and costs, associated with Tiffany Graske v Molly Goodhead's, Case No. 8:15-cv-01432 filed in the United States District Court, Middle District of Florida, Tampa Division.

The payments Set forth in paragraph 1 are paid in full and final settlement of all of Plaintiff's claims, asserted against the Released Parties in the above lawsuit through the date of the: execution of this Agreement as more specifically Stated hereafter in paragraph 2, Plaintiffs acknowledge that this is valid consideration for their agreement to the provisions herein.

2. **Obligations of Plaintiff**. In. consideration of Defendant' agreement to the, terms herein Plaintiffs hereby waives, releases, and forever discharges the Released Parties from all claims asserted in the above-referenced, lawsuit.

3. **Non-Admission**. Neither this Agreement, nor anything contained herein, is to be construed as an admission by Defendant that Plaintiffs were entitled to any monies or an admission that Defendant engaged in any wrongdoing or unlawful conduct whatsoever. Defendants expressly deny that they engaged in any wrongdoing or unlawful conduct whatsoever.

Plaintiff Initials: _____ Defendants Initials: _____

WPB_ACTIVE 6767217.2

4. **Severability.** In the event that any provision of this Agreement is invalidated by a court of competent jurisdiction, all of the remaining provisions of this Agreement shall continue unabated and in full force and effect.

5. **Entire Agreement.** This Agreement contains the entire understanding and agreement between the parties and shall not be modified or superseded except upon express written consent of the parties to this Agreement. Plaintiffs agree that apart from the payments being made pursuant to this Agreement, they are not entitled to any other payments or other consideration from Defendant.

6. **Governing Law.** This Agreement shall be governed by the laws of the State of Florida. The parties hereto acknowledge that this Agreement is enforceable in the state or federal courts of Florida. Plaintiffs and Defendant hereby waive any pleas of jurisdiction or venue as not being residents of Pinellas, Florida, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in Pinellas County, Florida.

7. **Attorneys' Fees.** It is further agreed that each party shall bear their own costs and attorneys' fees, other than what is expressly set forth herein, incurred in the above-entitled suit and in handling the matters covered by this Agreement. If either party engages the services of an attorney in the enforcement of the terms herein, the non-prevailing party shall pay the reasonable attorneys' fees and costs of the prevailing party.

8. **Agreement Not to be Used as Evidence.** This Agreement shall not be admissible as evidence in any proceeding except where one of the parties to this Agreement seeks court approval of this Agreement, seeks to enforce this Agreement or alleges this Agreement has been breached, or where one of the parties is ordered to produce this Agreement by a court or administrative agency of competent jurisdiction. Plaintiff further agrees that, in the event a court or administrative agency orders this Agreement to be produced, Plaintiffs will provide immediate written notice to Eduardo A. Suarez-Solar, Gunster Law Firm, 401 E. Jackson St. Suite 2500, Tampa, FL 33602 and via email to esuarez@gunster.com so Defendants' attorneys can seek a protective order from that court or agency requiring that this Agreement be produced or filed only under seal and that other parties to any such proceedings shall not disclose the existence or terms of this Agreement for purposes not related to the proceeding in which this Agreement was ordered to be produced.

9. **Opportunity to Consider and Confer.** By signing this Agreement, Plaintiffs acknowledge that they have had the opportunity to study, consider, and deliberate upon this Agreement and have had the opportunity to consult with their attorney.

10. **Free and Voluntary.** This Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding manner.

11. **Construction.** Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity the Agreement shall not be construed against any party.

Plaintiff Initials: _____ Defendants Initials: _____

WPB_ACTIVE 6767217.2

12. **Counterparts and Duplicate Originals.** This Agreement may be executed in one or more counterparts, anyone of which need not contain the signature of more than one party, and all of which taken together will for all purposes constitute one and the same agreement, binding on all of the parties, notwithstanding that all of such parties have not executed the same counterpart. Two or more duplicate originals of this Agreement may be signed by the parties, each of which shall be an original but all of which together shall constitute one and the same agreement.

IN WITNESS WHEREOF, and intending to be legally bound hereby, Plaintiff and the duly authorized representative of Defendant execute this Settlement Agreement, Waiver and Release consisting of two (2) pages and including twelve (12) enumerated paragraphs, by signing below voluntarily and with full knowledge of the significance of all of its provisions.

PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT INCLUDES A WAIVER AND RELEASE OF ALL CLAIMS ASSOCIATED WITH TIFFANY GRASKE, ON BEHALF OF HERSELF AND ON BEHALF OF ALL SIMILARLY SITUATED, V. MOLLY GOODHEAD'S, INC, CASE NO.8:15-cv-01432.

_____  
Tiffany Graske

9/30/15  
Date

_____  
Betsy Donovan  
On behalf of Molly Goodhead's, Inc.

10/12/15  
Date

_____  
Johanna Gray

__/__/__  
Date

Plaintiff Initials: _____    Defendants Initials: _BD_

WPB_ACTIVE 6767217.2