UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIFFANY GRASKE, on behalf of
herself and on behalf of all
others similarly situated,

     Plaintiff,

v.                       Case No. 8:15-cv-1432-T-33TBM

MOLLY GOODHEAD'S, INC.,

     Defendant.

_____/

## ORDER

This matter is before the Court pursuant to the parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. # 27), which was filed on October 13, 2015. The Court grants the Motion for the reasons that follow.

## I.  Background

Plaintiff Tiffany Graske filed her Fair Labor Standards Act Complaint against her former employer, Defendant Molly Goodhead's, Inc., on June 18, 2015. (Doc. # 1). On July 23, 2015, Johanna Gray filed a Notice of Consent to Join signifying her desire to participate in this action. (Doc. # 9). After exchanging the documents and information required by the Court's FLSA Scheduling Order, counsel for the parties reached a settlement. (Doc. # 20). The parties seek an Order approving their settlement and dismissing this case with prejudice. (Doc. # 27).

## II. __Analysis__

Plaintiffs allege that Defendant violated the provisions of the Fair Labor Standards Act.  Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).  The parties have reached a settlement wherein it is agreed that Graske will be paid $1,000.00 for unpaid wages and $1,000.00 in liquidated damages, and Gray will be paid $1,750.00 for unpaid wages and $1,750.00 in liquidated damages.  In addition, the parties agree to pay Plaintiffs' attorney $2,500.00 in fees and costs.

In the Motion, the parties represent that the attorney's fees and costs were negotiated separately from the amount to be paid to Plaintiffs for unpaid wages and liquidated damages. (Doc. # 27 at 6).  Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1]

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his

The settlement is fair on its face and represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   The parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. # 27) is **GRANTED.**

(2)   The parties' settlement is approved.

(3)   This case is dismissed with prejudice.

(4)   The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>13th</u> day of October, 2015.


_Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE



Copies: All Counsel of Record

---

attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

3